sis for payment of an annuity when, as is the case here, the appellant does not meet the statutory requirements for that benefit. *See Killip v. Office of Pers. Mgmt.*, 991 F.2d 1564, 1569 (Fed.Cir.1993) ("Any and all authority pursuant to which an agency may act ultimately must be grounded in an express grant from Congress.")

For the foregoing reasons, the final decision of the Board affirming the decision of OPM that Mr. Abadia is ineligible to redeposit retirement funds into the CSRS and consequently that he is ineligible for a retirement annuity under the CSRS is affirmed.

### In re: Matthew LEVINE.

### No. 06–1429.

United States Court of Appeals,
Federal Circuit.

Feb. 7, 2007.

were not entitled to CSRS coverage upon their conversion to permanent positions with the Panama Canal Commission after October 1, 1979. The Panama Canal Act, 22 U.S.C. § 3649 (Supp.1998), applied the CSRS to Panama Canal Commission employees, except, *inter alia*, any individual whose initial appointment by the Commission occurred after October 1, 1979. The Board interpreted the individuals whose initial appointment by the Commission occurred before October 1, 1979 to include only non-citizen workers that were employed by the Commission *and* who were covered by the CSRS prior to October 1, 1979. *Bell*, 169 F.3d at 1385. We held that Panamanian citizens in temporary positions

Before LOURIE and DYK, Circuit Judges, and *O'MALLEY, District Judge.

### *JUDGMENT*

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

### DATATREASURY CORPORATION, Plaintiff–Appellee,

### v.

### ELECTRONIC DATA SYSTEMS CORP., Defendant–Appellant.

### No. 2006–1506.

United States Court of Appeals,
Federal Circuit.

Feb. 7, 2007.

were "initially appointed" by the Commission prior to enactment of the Panama Canal Treaty, as required for statutory eligibility for CSRS coverage. *Id.* at 1386. We remanded for the Board to decide whether the petitioners in *Bell* were entitled to benefits under the CSRS. *Id.* Our decision in Bell does not change the determination that Mr. Abadia was not reemployed by the federal government in a position subject to the federal retirement system.

* Honorable Kathleen M. O'Malley, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Before MICHEL, Chief Judge, RADER, and SCHALL, Circuit Judges.

Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**Frederick D. WELLS, Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2007–7088.**

United States Court of Appeals, Federal Circuit.

Feb. 7, 2007.

Frederick D. Wells, pro se.

ON MOTION

*ORDER*

Upon consideration of Frederick D. Wells' unopposed motion to voluntarily dismiss his appeal, from the United States Court of Appeals for Veterans Claims, case no. 04–0638,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.

**CONTEYOR MULTIBAG SYSTEMS N.V., Plaintiff–Appellee,**

v.

**BRADFORD COMPANY, Defendant–Appellant.**

**No. 2007–1072.**

United States Court of Appeals, Federal Circuit.

Feb. 7, 2007.

ON MOTION

*ORDER*

Upon consideration of Bradford Company's unopposed motion to voluntarily dismiss its appeal, from the United States District Court for the Western District of Michigan, case no. 1:05–CV–613, 2006 WL 2331174,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.

**In re Donn Reynolds ARMSTRONG, Stanley S. Borys and Richard Paul Anderson.**

**No. 2007–1001.**

United States Court of Appeals, Federal Circuit.

Feb. 7, 2007.

ON MOTION

*ORDER*

Upon consideration of Donn Reynolds Armstrong et al.'s unopposed motion to